**STATE ex rel. MOTHERSEAD, State Bank Com'r, v. HURST.**

No. 17506. Opinion Filed Nov. 1, 1927.

(Syllabus.)

1. **Banks a.d Banking—Statutory Liability cf Stockholder in Failed Bank Continued for Year After Sale of Stock by Him.**

Under section 4177, C. O. S. 1921, any shareholder who shall dispose of his shares of stock in a banking corporation shall, in the event of the insolvency of such corporation, continue to be liable thereon jointly with the owner thereof, to the extent of the liability of such owner, for a period of one year from the date of the transfer of such shares upon the books of such corporation, or until the bank has been examined and the same approved by the State Bank Commissioner.

2. **Same—Effect of Stockholder's Failure to Have Stock Transferred to Purchaser on Books of Bank.**

Defendant, prior to the failure of a state bank, owned certain shares of the bank's stock which were held by S. as collateral for a loan to the defendant. More than a year prior to the failure of said bank, the defendant sold said stock to A., who agreed to assume the defendant's indebtedness to S., and S. agreed with the defendant that when the indebtedness was paid he would forward said stock to the bank so that it might be transferred on its books to A. The indebtedness was paid, but S. failed to forward the stock to the bank to be transferred. Defendant made no attempt to see that the stock was transferred and it stood in his name on the books of the bank at the time of its failure. Held, that S. was the agent of the defendant, and the defendant having failed to perform every duty which the law imposed in order to secure the transfer on the registry of the bank, it was error for the court to direct a verdict in favor of the defendant.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by the State, on relation of the State Bank Commissioner, against Simpson Hurst to enforce shareholder's liability by reason of insolvency of a state bank. Judgment for defendant, and plaintiff brings error. Reversed.

Creekmore Wallace, for plaintiff in error.

Thurman S. Hurst and Wilson, Murphey & Duncan, for defendant in error.

MASON, V. C. J. The First State Bank of Oilton became insolvent and its assets were taken over by the State Bank Commissioner on the 22nd day of March, 1924, and thereafter a 100 per cent. assessment was levied upon the shareholders. This action was commenced to recover the assessment from the defendant, who appeared upon the books of said bank as the owner of 35 shares of said corporation. The trial court, at the close of all the evidence, instructed a verdict for the defendant, and the state appeals.

The question to be decided is whether the evidence of the defendant was sufficient to relieve him from liability, although the shares, in respect to which the assessment was levied, stood in the name of the defendant upon the books of the bank at the time it was taken over by the Bank Commissioner. There is no dispute about the facts. The defendant, who was the owner of 90 shares of stock of the par value of $100 each of said bank, sold the same on the 29th day of September, 1922, to F. W. Abshire, who was president of the bank. The certificates of 55 shares of stock were delivered to Mr. Abshire at the time of the sale. The remaining 35 shares of stock were held at that time as collateral for a loan of $4,500 owed by the defendant, Simpson Hurst, to one C. A. Steinberger, of Tulsa, Okla. It appears that at the time Mr. Abshire purchased this stock, he told the defendant that he had made arrangements whereby Mr. Steinberger would permit Mr. Abshire to substitute his note for the note of the defendant. Thereafter, in a conversation with the defendant, Mr. Steinberger confirmed said statement by Abshire. The defendant further testified that he instructed Mr. Abshire to have said 35 shares of stock transferred on the books of the bank as soon as Mr. Abshire's note was substituted for the defendant's note. He also testified that he instructed Mr. Steinberger to send the 35 shares of stock to the First State Bank of Oilton for the purpose of having it transferred on the books of the bank to Mr. Abshire as soon as his note was substituted for that of the defendant.

Defendant also testified that in February, 1923, he paid Mr. Steinberger the balance of his indebtedness and received his canceled note and shares of stock of the Pure Oil Company which were also being held as collateral in addition to said bank stock, and that at that time the office manager for Mr. Steinberger told the defendant that said 35 shares of stock would be sent to the bank to be transferred on its books to Abshire. The defendant also testified that in May, 1923, he met Mr. Swallum, cashier of the First State Bank of Oilton, in the town of Shidler, Okla., and that in answer to an inquiry by the defendant, Mr. Swal-

lum stated that the stock which the defendant had sold Mr. Abshire had been transferred on the books of the corporation. The defendant admitted on cross-examination that he never, at any time, delivered to the office of the First State Bank of Oilton, for transfer, the stock in question, and that he never inquired of Mr. Abshire as to whether the stock had been transferred to him, and that he never examined the records of the bank to see if the transfer had been made.

Under these circumstances, the defendant's liability, in our opinion, continued even under the authorities cited and relied upon by the defendant in error.

It is needless to discuss the various cases in which the stockholders' double liability has been considered. The principal case relied upon by the defendant in error is State of Oklahoma ex rel. Attorney General v. Ware, 82 Okla. 130, 198 Pac. 859, wherein other cases upon the subject are referred to. The same case, with elaborate annotations, is found in 45 A. L. R. 127.

The second and third paragraphs of the syllabus of that case are as follows:

"2. The presumption of liability on shares of stock in an insolvent bank, arising from the presence of a person's name on the stock register, is rebutted by evidence that a bona fide sale of the stock had been made, and that the vendor had performed every duty which the law imposed in order to secure the transfer on the registry of the bank.

"3. Upon a reasonable construction of the statute imposing liability upon shareholders for the debts of state banks, and for all the objects intended to be accomplished by the provisions imposing liability on shareholders for such debts, the responsibility of the defendant ceased upon the surrender of certain stock certificates to the cashier of the bank, properly indorsed to the party to whom the shareholder had sold his stock, with the request that such officer make a transfer of the stock upon the books of the bank, and where such cashier promised to comply with such request, and afterwards informed the shareholder that said request had been complied with, and such shareholder, who was at the time a director of the bank, tendered his resignation as such to the officers of the bank, informed them that he had sold and transferred his stock and that he could no longer act as a director, and such shareholder's connection with the bank thereafter ceased, although such transfer of stock was not in fact made upon the books of the bank."

We entertain considerable doubt as to the rules therein announced being applicable in this state by reason of our statutory provisions.

The cases relied upon, as far as we have been able to ascertain, are based upon statutory provisions which contemplate holding the actual owner of the stock liable, and those cases hold that a person is not such an actual owner where he has made a transfer in good faith and has placed the evidence of the transfer with the bank and has done everything in his power in order to secure the transfer on the registry of the bank and nothing remains to complete it but the action of the bank's officers themselves. In other words, they hold that the presumption of ownership of shares by reason of his name appearing on the stock register is thereby overcome.

In this state, however, we are governed by section 4177, C. O. S. 1921, which provides, in part, as follows:

"Any shareholder who shall sell, assign, or in any manner dispose of his shares of stock, shall, in the event of the insolvency of such corporation, continue to be liable thereon jointly with the owner thereof, to the extent of the liability of such owner, for a period of one year from the date of the transfer of such shares upon the books of such corporation, or until the bank has been examined and the sale approved by the State Bank Commissioner."

It is apparent that the lawmakers of this state realized that those who extend credit to a bank do so, partly, at least, upon the solvency and financial standing of its shareholders, and that they have a right to rely on the transfer books of the bank to learn who are the shareholders.

It seems, therefore, under the provisions of our statutes, that a person who has disposed of his shares, but permits his name to remain on the bank's records as the owner thereof, should be estopped to contradict such record or deny ownership of the shares.

In the case at bar, however, we do not find it necessary to overturn State v. Ware, supra, for the reason that the defendant herein has failed to bring himself within the rule therein announced.

We are of the opinion that when the defendant intrusted the transfer of these shares to Mr. Steinberger he made Steinberger his agent, and the defendant is, therefore, responsible for his agent's default; but if he did not make Steinberger his agent, he confided in the promise that the shares would be transferred by him and took the chance that such promise would be carried

out. The fact that the defendant had requested Mr. Abshire to have the shares transferred on the records of the bank could avail the defendant nothing in the absence of proof that the certificates of such shares had ever been de.ivered to Abshire by either the defendant or Steinberger for that purpose. In the most favorable light for the defendant, Steinberger was the defendant's agent and his failure to forward the stock certificates to the proper officer of the bank with a request that they be transferred was merely the failure of an agent to perform a duty that he had promised his principal to perform, and for such default the principal must share the consequences.

Conceding, without deciding, that the inquiry made by the defendant of Mr. Swallum, the cashier, relative to the transfer of said shares, was sufficient to constitute a request to have such transfer made, yet it would not be sufficient to bring the defendant within the rule announced in State ex rel. Attorney General v. Ware, supra, for the reason that the stock was not tendered to the cashier. Furthermore, it could not relieve the defendant from liability for the reason that such inquiry was made within twelve months of the failure of the bank.

We must conclude that the defendant, as the vendor of said shares of stock, did not perform every duty which the law imposed in order to secure the transfer thereof on the registry of the bank, and that, therefore, he did not bring himself within the rule announced in State ex rel. Attorney General v. Ware, supra, and the cases therein cited.

The judgment of the trial court is, therefore, reversed for further proceedings not inconsistent with the views herein expressed.

BRANSON, C. J., and HARRISON, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 7 C. J. p. 505, §69. (2) 7 C. J. p. 505, §69; anno. 45 A. L. R. 137.